LIVIA M. KISER (Bar No. 285411)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: +1 (415) 318-1200
Email: lkiser@kslaw.com

Attorneys for Barentz North America

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, DAVID SALAZAR, OLIVIA THURMAN, and BETHANY TORBERT, Individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>  v.<br><br>FOR LIFE PRODUCTS, LLC,<br><br>              Defendant. | Case No. 3:21-cv-01147-TSH<br><br>**BARENTZ NORTH AMERICA'S STATEMENT OF DESIGNATING PARTY UNDER L.R. 79–5**<br><br>Judge: Hon. Thomas S. Hixson |

Barentz North America ("Barentz"), not a party to this action, by its undersigned attorney and pursuant to Local Rule 79-5, respectfully submits this statement, together with the attached Declaration of Brian S. Wilson, in support of Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed [Dkt No. 49] (the "Motion to Seal").

Plaintiffs' motion requests leave to file under seal certain formulations provided to Plaintiffs by Barentz, as well as references to the formulations in Plaintiffs' expert declarations.[1] Because Barentz, the non-party asserting the confidentiality of its proprietary formulations, is not a party in the case, the Court's order dated August 14, 2024 [Dkt No. 66] required Plaintiffs to serve their motion upon Barentz (*see* L.R. 79-5(f)(2)), and the order and L.R. 79-5(f)(3) now require Barentz to submit this statement of the applicable legal standard and the reasons for keeping Barentz's confidential formulations under seal rather than subject to public disclosure. *See* L.R. 79-5(c)(1).

Barentz therefore submits the attached Declaration of Brian S. Wilson, together with this statement, addressing the requirements of L.R. 79-5, *i.e.*, "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

"Good cause" is the applicable legal standard when confidential matters produced under a protective order are sought to be filed under seal. Although the common law raises a presumption in favor of public access to materials submitted as evidence in open court, this presumption does not apply to materials properly submitted to the court under seal. *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002). Plaintiffs have moved under Rule 23 to certify a plaintiff class [Dkt No. 48], which is not a dispositive motion. The public interest in access to dispositive materials does not apply with equal force to non-dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). The "good cause" standard is not limited to discovery. *Id*. Applying the more stringent

---

[1] These formulations were designated confidential pursuant to the Stipulated Protective Order entered May 13, 2021 [Dkt No. 19]. (Wilson Decl. ¶ 5.) No party objected to the designation. (*Id.*) As explained in the Motion to Seal, Plaintiffs' expert declarations "rely on, reference, and analyze" the confidential formulation documents produced by Barentz [Dkt No. 49 at 5]. Plaintiffs, pursuant to L.R. 79-5(f), seek to file the formulations (Plaintiffs' Exhibit 2) and such expert reference to the formulations under seal.

"compelling interest" standard under these circumstances would needlessly "undermine a district court's power to fashion effective protective orders." *Id.* at 1116 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Plaintiffs have suggested in the proposed order that "good cause" is the applicable standard [Dkt No. 49-21].

Good cause exists for the filing of Barentz's confidential formulations under seal.

Barentz's Household Care, Industrial & Institutional Cleaning Group (collectively, the "HI&I Group") previously made 22 Rejuvenate products using the formulations at issue here. These formulations reflect Barentz's highly confidential trade secrets, which Barentz developed at its own considerable expense. (Wilson Decl. ¶ 6.) Barentz has a clear private interest in the continued safeguarding of its trade secrets, which courts routinely uphold. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding the terms of a licensing agreement constituted sealable trade secrets); *see also Restatement of Torts* § 757 ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know how to use"); *Kamakana v. City & Cty. of Honolulu,*, 447 F.3d 1172, 1179 ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as… release of trade secrets."); *Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans").

If the parties to the litigation were allowed to publish Barentz' formulations in whole or part, Barentz would be irreparably harmed, both in the taking of its highly confidential trade secrets without compensation and in the loss of the revenues Barentz would incur due to competitors' use of Barentz's formulations. (Wilson Decl. ¶ 7.) Though Barentz no longer makes the products for the Defendant in this case, it continues to make similar products with similar formulations for other companies. (*Id.* ¶ 7.) The Barentz formulations need not be publicly disclosed (or admissible in

evidence) for any party's expert witnesses to rely on the data.  Federal Rule of Evidence 703.

No less restrictive alternative to sealing is sufficient because any solution which places Barentz's formulations, in whole or part, in the public domain would destroy the commercial value of Barentz's trade secrets.  Barentz's competitors could and would obtain these formulations from the Court file, spoiling Barentz' commercial advantage over competitors and providing competitors with means of developing copycat products.  (Wilson Decl. ¶ 8.)

For all the foregoing reasons, Barentz requests the Court to grant Plaintiffs' motion to file under seal Baretz's formulations and references to its formulations in Plaintiffs' expert declarations.

DATED:  August 29, 2024              **KING & SPALDING LLP**

By: /s/ *Livia M. Kiser*
       Livia M. Kiser

*Attorneys for Non-Party Barentz North America*