UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FOR LIFE PRODUCTS, LLC,<br><br>    Defendant. | Case No. 21-cv-01147-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 49 |

## I.  INTRODUCTION

On November 29, 2023, Plaintiffs Thomas Iglesias, David Salazar, Olivia Thurman and Bethany Torbert filed an administrative motion to file under seal pursuant to Local Rules 7-11 and 79-5(f). ECF No. 49 at 1. In support of their motion, Plaintiffs submit a declaration from Kelsey J. Elling setting forth the bases for sealing each document. Elling Decl., ECF No. 49-1. Plaintiffs' motion is unopposed. Defendant For Life Products, LLC, filed a statement requesting that Plaintiffs' Exhibits 2 and 8 be filed under seal. ECF No. 69. Designating parties Barentz North America and Circana, LLC, which are not parties to this action, each filed a statement and declaration in support of Plaintiffs' Motion as it pertains to information they designated as confidential. ECF Nos. 72, 75.

## II.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). In evaluating a request to seal, courts consider the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Valley Broad. Co. v. United States Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

"Two standards generally govern motions to seal documents like the one at issue here" – "compelling reasons," or "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). This Court applies the compelling reasons standard to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–1101 (9th Cir. 2016) (holding compelling reasons standard applies to sealing documents related to non-dispositive motions that are "more than tangentially related to the underlying cause of action."). Under this standard, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (quotation omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted). Courts must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (cleaned up).

"After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quotation omitted).

Under the Local Rules of this District, a motion to seal a party's own document must include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of . . . why a less restrictive alternative to sealing is

2

1  not sufficient[.]" Civ. L.R. 79-5(c)(1) (emphasis in original). The motion must also include "a
2  proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).
3  "A party must . . . avoid wherever possible sealing entire documents (as opposed to merely
4  redacting the truly sensitive information in a document)." Civ. L.R. 79-5(a). "Supporting
5  declarations may not rely on vague boilerplate language or nebulous assertions of potential harm
6  but must explain with particularity why any document or portion thereof remains sealable under
7  the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1
8  (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order
9  that allows a party to designate certain documents as confidential is not sufficient to establish that
10 a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

### III.   DISCUSSION

**A.   Documents Designated Confidential by Defendant: Exhibits 1, 6, 7, 9, 10, and 11 to Plaintiffs' Motion for Class Certification**

Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party") the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L. R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civ. L. R. 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. Civ. L. R. 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. Civ. L. R. 79-5(f)(3).

Plaintiffs seek to file six documents under seal on the basis that they were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL by Defendant. *See* Elling Decl. at 4–5, Exs. 1 (Labels), 6 (Hampel Dep.), 7 (Tunon Dep.), 9 (Email re New Order, FLP 6906-6911), 10 (GG

Label Exemplar, FLP 7275), 11 (Email re Terminate GG Cert, FLP 7870-7878).  This is not sufficient to establish that a document is sealable, as it is merely establishes the parties' initial designation of confidentiality to establish coverage under the stipulated protective order.  *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)), *aff'd*, 830 F.3d 1335 (Fed. Cir. 2016).  Under Civil Local Rule 79-5(f)(3), Defendant had seven days to file a statement or declaration justifying the sealing of those documents.  Defendant did not do so at the time.  On August 13, this Court provided Defendant an additional seven days to file a statement or declaration to justify the sealing.  ECF No. 66.  Defendant's response did not address Exhibit 1, 6, 7, 9, 10, or 11.  *See* ECF No. 69 at 1.

Accordingly, Plaintiffs' motion at ECF No. 49 is **DENIED** as to Exhibits 1, 6, 7, 9, 10, and 11 to Plaintiffs' Motion for Class Certification.  The Court orders Plaintiffs to file the items at issue in the public record no sooner than five days and no later than 10 days from the date of this order.

**B.      Documents Designated Confidential by Third Parties**

      **1.      Exhibit 2 to Plaintiffs' Motion for Class Certification**

The Court finds compelling reasons to seal Plaintiffs' Exhibit 2 in its entirety.  Plaintiffs' Exhibit 2 consists of product formulations and details about ingredients used in each of Defendant's products produced by Defendant's formulator, Barentz North America ("Barentz").  ECF No. 49-13 (Plaintiffs' Ex. 2).  Defendant filed a statement requesting that Exhibit 2 be filed under seal.  ECF No. 69.  Barentz, which is not a party to this action, filed a statement and declaration in support of the Motion as it pertains to Barentz's proprietary formulations.  ECF No. 75 at 2; ECF No. 75-1 (Decl. of Brian S. Wilson).  Barentz's Chief Financial Officer, Brian S. Wilson, attests that Barentz developed and made 22 Rejuvenate products at its own expense, the formulations for which are confidential and considered trade secrets of Barentz.  Wilson Decl. ¶¶ 4, 5.  Wilson attests that the publication of Barentz's formulations, whether in whole or in part,

4

would provide competitors with "means of developing copycat products" and result in irreparable harm to Barentz, including the destruction of the commercial value of its trade secrets. *Id.* ¶¶ 7, 8.

The Court finds Barentz has demonstrated that the contents of this exhibit are non-public and constitute "confidential trade secrets" in the form of a third-party's product formulas. *See Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons to seal materials related to "detergent formulas, product development, and testing protocols, which clearly are protectible as trade secrets"). The request is narrowly tailored and is unopposed.

Accordingly, the Court **GRANTS** Plaintiffs' motion to seal Plaintiff's Exhibit 2.

### 2. Exhibit 8 to Plaintiffs' Motion for Class Certification

The Court finds compelling reasons to seal Plaintiffs' Exhibit 8 in its entirety. Plaintiffs' Exhibit 8 consists of detailed third-party sales data produced by Information Resources, Inc. ("IRI"). Defendant filed a statement requesting that Exhibit 8 be filed under seal. ECF No. 69. IRI became part of Circana, LLC ("Circana") in 2022. *See* ECF No. 72 n.1 (Statement of Designating Party Circana). Circana, which is not a party to this action, filed a statement and declaration in support of the Motion as it pertains to market research data that Circana/IRI provided to Plaintiffs. ECF No. 72 at 1; ECF No. 72-1 (Decl. of Brian Burke). Circana is a market research firm that collects, analyzes and markets specialized data. Burke Decl. ¶ 2. Circana's Principal, Mid Market National, Brian Burke, attests that "Circana's prinicpal source of operating revenues is the fees it generates from the licensing of its data collections to customers, most of whom are businesses in the manufacturing and retailing of consumer products." *Id.* Burke attests that Plaintiffs' counsel paid Circana's predecessor, IRI, $5,817.34 to deliver a custom report with certain data pertaining to sales of certain "Rejuvenate" products. *Id.* ¶¶ 5, 7. Burke attests that Plaintiffs' counsel "agreed to maintain the IRI report as confidential" and not to disclose the data "without IRI's express prior written consent." *Id.* ¶ 7, 8. Burke attests that the publication of Circana's confidential report and data would result in irreparable harm to Circana, including "the loss of the revenues Circana would normally receive for the production of the data on request to its paying clients." *Id.* ¶ 9.

1    The Court finds this information could potentially put Circana at a competitive
2    disadvantage "by providing for free what [it] has expended resources collecting and charging its
3    clients for," *McMorrow v. Mondelez International, Inc.*, No. 17-cv-2327-BAS-JLB, 2021 WL
4    488337, at *2 (S.D. Cal. Feb. 10, 2021) (internal quotations omitted).  The request is narrowly
5    tailored and is unopposed.
6    Accordingly, the Court **GRANTS** Plaintiffs' motion to seal Plaintiff's Exhibit 8.

**3.    Dennis, Fraiser and Weir Declarations and Expert Reports**

8    Plaintiffs seek to seal in their entirety the declarations and expert reports of three of
9    Plaintiffs' experts: Dr. J. Michael Dennis (ECF No. 49-3), Dr. Lucy Fraiser (ECF No. 49-4), and
10   Colin B. Weir (ECF No. 49-5).  Plaintiffs assert that these declarations and expert reports contain
11   information that was designated as "Confidential" by Defendant, and that the declarations and
12   reports "contain[] confidential and commercially sensitive trade secrets, which would result in
13   commercial and/or financial harm if disclosed."  Elling Decl. at 3, 4.  Plaintiffs additionally assert
14   that the Fraiser and Weir declarations contain "sensitive, non-public, and confidential trade secrets
15   (formulas) of a third-party."  *Id.* at 3.  Plaintiffs contend that "these declarations rely on, reference,
16   and analyze Defendant's confidential documents" and on confidential sales data and product
17   formulation documents produced by third parties, and that these declarations contain the experts'
18   own trade secrets and would result in the commercial/and or financial harm if disclosed.  Mot. at
19   6.
20   Defendant's statement supporting the sealing of Exhibits 2 and 8 did not address any of the
21   expert reports and declarations.  *See* ECF No. 69 at 1.  The Court thus denies Plaintiffs' Motion to
22   the extent Plaintiffs seek to seal any portions of the Dennis, Frasier, and Weir declarations based
23   on their prior designation by Defendant as "Confidential."  *See* Civ. L.R. 79-5(f)(3).
24   Third parties Barentz and Circana each request that the Court file under seal information
25   contained in the expert declarations that they designated as confidential.  Barentz asks the Court to
26   file under seal "references to its formulations in Plaintiffs' expert declarations."  ECF No. 75 at 4;
27   *see also* ECF No. 75 at 2 n.1.  Circana seeks to file under seal references to Circana's data
28   contained in the Weir declaration.  ECF No. 72 at 1.  Circana claims the Weir declaration

6

"specifically cites and relies upon" the market data research that Circana's predecessor, IRI, provided to Plaintiffs. *Id.* As discussed above, the Court finds that Barentz's proprietary formulations and Circana's market research data constitute confidential trade secrets. However, the Court finds the wholesale sealing of the expert declarations and reports is unwarranted, as the redaction of the third parties' proprietary information would sufficiently protect their interests. Further, Plaintiffs' assertion that the expert declarations and reports contain the experts' own trade secrets similarly does not justify sealing these documents in their entirety, as substantial sections of them plainly do not reveal trade secrets or anything commercially sensitive.

Plaintiffs' request to seal these declarations and expert reports in their entirety is overbroad. *See Allen v. Conagra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2020 WL 4673914, at *4 (N.D. Cal. Aug. 12, 2020) (denying motions to seal without prejudice and noting "requests to seal entire pages of deposition testimony and expert reports are overbroad"). Plaintiffs maintain that "[d]ue to the sensitivity of the materials at issue," there are no "suitable alternatives to redaction and sealing that would be sufficient to protect the Parties interests." ECF No. 49 at 7. But Plaintiffs' proposed order reaches far beyond sealable information, extending to recitations of the respective experts' qualifications and to descriptions of documents in the public record, such as information contained in Plaintiffs' publicly-filed complaint. Plaintiffs offer no explanation for seeking to seal the declarations in their entirety, rather than redacting portions of the declarations. Although the Elling Declaration and statements submitted by Barentz and Circana establish that the expert declarations contain *some* sealable information, they fail to establish that the expert declarations in their entirety are privileged or protectable as a trade secret or otherwise entitled to protection under the law, as required under Local Rule 79-5(a).

Accordingly, because Plaintiffs have not provided sufficient information to support the filing of the documents under seal in their entirety, Plaintiffs' motion at ECF No. 49 is **DENIED WITHOUT PREJUDICE** as to the Dennis, Fraiser and Weir declarations and expert reports. The Court **ORDERS** Plaintiffs to file a revised motion to seal within five days that proposes narrowly tailored redactions that protect the confidentiality interests of Barentz, Circana and the experts themselves.

**C.     Plaintiffs' Motion for Class Certification Brief and Bruce Declaration**

Plaintiffs seek to redact portions of their Motions for Class Certification and of the Declaration of Katherine A. Bruce in support of Plaintiffs' Motion for Class Certification. The proposed redactions to these documents are limited to lines quoting from or describing materials designated as confidential by Plaintiffs, Defendant and third parties.

The Court rules as follows on Plaintiffs' proposed redactions to these documents:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 49-2 | Mot. for Class Certification | Page 3, lines 12–14, 17–21 26–27; page 4, lines 1–4, 6, 8–11, 13; | **DENIED**, as the proposed redactions quote exhibits that the Court has above determined should not be sealed. |
| 49-2 | Mot. for Class Certification | Page 7, lines 7 – 28; page 8, lines 1 – 3. | **DENIED WITHOUT PREJUDICE**, as the proposed redactions refer to the Frasier Declaration and Expert report. The Court has rejected the wholesale sealing of the Frasier Declaration and Expert report and ordered Plaintiffs to file a revised motion to seal that proposes narrowly tailored redactions within five days. If Plaintiffs believe that the portions of the Frasier Declaration quoted here fall within that narrow tailoring, their revised motion to seal shall again seek to seal this portion of the motion. If not, then no sooner than five days and no later than 10 days from the date of this order, Plaintiffs shall file the entirety of the motion in the public record. (The |

8

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | proposed redactions also refer to an exhibit that the Court has above determined should not be sealed, so that reference does not warrant sealing.) |
| 49-2 | Mot. for Class Certification | Page 10, lines 1 – 2. | **DENIED**, as containing rough estimates of number of units sold to putative classes, and not including information that could be used by competitors to gain a competitive advantage. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *3 (N.D. Cal. Dec. 10, 2012) (denying defendant's motion to redact total number of units sold in certain time period where defendant failed to explain how that information could cause defendant competitive harm). |
| 49-6 | Bruce Decl. | Page 4, lines 3–5, 7–9, 13. | **DENIED**, as the proposed redactions quote exhibits that the Court has above determined should not be sealed. |
| 49-6 | Bruce Decl. | Page 6, lines 7, 9, 14–24. | **GRANTED**, as containing detailed information about unit sales that could potentially put Circana at a competitive disadvantage. |

The Court **ORDERS** Plaintiffs to file a revised version of the Bruce Declaration in the public record with redactions that are consistent with this order, and to do so no sooner than five days and no later than 10 days from the date of this order.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' sealing motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: September 10, 2024

THOMAS S. HIXSON
United States Magistrate Judge